**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

JAMIE LAZIMAN,
an Individual,

      Plaintiff,

vs.

DISNEY WORLDWIDE SERVICES, INC.,
a Florida Profit Corporation,

      Defendant.
_____/

CASE NO.:

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **JAMIE LAZIMAN** ("Plaintiff"), by and through her undersigned counsel, sues the Defendant, **DISNEY WORLDWIDE SERVICES, INC.**, ("Defendant") and alleges the following:

1. Plaintiff brings these claims for sex/pregnancy discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Pregnancy Discrimination Act ("PDA"), and the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") to recover from Defendant back pay, front pay, compensatory damages, punitive damages, and her attorneys' fees and costs.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over Plaintiff's claims as they arise under federal law, pursuant to PDA, Title VII, and the FMLA, and the actions giving rise to this lawsuit occurred in Indian River County, Florida.

3. On or around July 3, 2024, Plaintiff timely dual filed a Charge of

Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

4. On or about March 24, 2025, Plaintiff received her Notice of Right to Sue from the EEOC, giving Plaintiff the right to bring a civil action on his claims within 90 days of her receipt of the same.

5. Plaintiff timely files this lawsuit and has complied with all administrative prerequisites.

6. Venue is proper because Defendant conducts substantial business in Indian River County, Florida, and Plaintiff worked for Defendant in Indian River County, Florida, where the actions at issue took place.

## PARTIES

7. During all times relevant, Plaintiff worked for Defendant in Indian River County, Florida.

8. Plaintiff is protected by the PDA and Title VII, because:

   a. She is/was a pregnant female and/or new mother who suffered discrimination because of her sex/pregnancy by Defendant; and

   b. She suffered an adverse employment action and was fired because of her pregnancy by Defendant.

9. Defendant was at all material times an "employer" as defined by the PDA and Title VII as it employed in excess of fifteen (15) employees, collectively.

10. Defendant is a Florida Profit Corporation that operates in, among other places, Indian River County, Florida.

11. At all times relevant hereto, Defendant was an employer covered by the

2

FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

12. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) Plaintiff suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

13. At all times relevant hereto, Defendant was an "employer" as envisioned by the FWA as it employed in excess of ten (10) employees.

## GENERAL ALLEGATIONS

14. Plaintiff worked for Defendant in Florida, most recently as a Housekeeper, from February 2, 2021, until her unlawful and retaliatory termination on September 13, 2023.

15. On March 9, 2023, Plaintiff experienced a flareup of dehydration, heat exhausting, and fatigue, and was sent home by Defendant.

16. Plaintiff sought treatment from a physician, who informed Plaintiff that she was pregnant.

17. Plaintiff made an appointment for obstetrical treatment on April 5, 2023.

18. For unexplained reasons, Defendant raised nitpicking objections to the note that Plaintiff's treating physician provided to give to Defendant concerning her episode of pregnancy-related dehydration, heat exhaustion, and fatigue in early March of 2023.

19. Defendant claimed that Plaintiff's doctor's note was "not good enough" and stated that Plaintiff would not be allowed to return to work until she had been seen by an obstetrician.

20. When Plaintiff was finally able to get a note from her obstetrician, Defendant claimed to have further issues with the form or style of the note provided by Plaintiff's obstetrician.

21. Plaintiff provided yet another note to Defendant from an Advanced Registered Nurse Practitioner, memorializing for Defendant that Plaintiff's pregnancy was characterized by pre-eclampsia and that her prior two children had been born prematurely.

22. Nevertheless, when Plaintiff provided this note to Defendant on or about May 10, 2023, Defendant issued Plaintiff a spurious so-called "writeup" for having had to miss some time from work to treat and address symptoms of her pregnancy and related complications.

23. In late May or early June of 2023, Plaintiff applied and was approved for intermittent FMLA leave, from June 15, 2023, through November 8, 2023, in order to treat and address her pregnancy and complications associated therewith.

24. Plaintiff also requested from her Defendant Supervisors the reasonable, non-burdensome accommodation of occasional absences or early departures from work in order to attend medical appointments related to her pregnancy or in order to address flareups of her pregnancy-related complications and symptoms.

25. During the Summer of 2023, Plaintiff suffered occasional further flareups of her pregnancy-related serious health conditions.

26. On September 13, 2023, during Plaintiff's period of approved FMLA leave,

Defendant informed Plaintiff that it had decided to terminate her employment, effective immediately.

27. It is clear that Defendant saw Plaintiff's pregnancy as problematic and utilized same as a substantial motivating reason in its decision to terminate her.

28. Plaintiff's termination was unquestionably an adverse employment action under the PDA. *See Wallace v. Ga. Dept. of Transp.*, 212 Fed. App'x 799, 802 (11th Cir. 2006). It is clear that Plaintiff was terminated because she had a covered medical condition pursuant to the PDA and required and requested reasonable accommodation. *See Young v. United Parcel Service, Inc.*, 135 S. Ct. 1338, 1354 (2015) (stating that "a plaintiff alleging that the denial of an accommodation constituted disparate treatment under the Pregnancy Discrimination Act's second clause may make out a prima facie case by showing, as in McDonnell Douglas, that she belongs to the protected class, that she sought accommodation, that the employer did not accommodate her, and that the employer did accommodate others 'similar in their ability or inability to work'").

29. Defendant's actions violated the anti-discrimination and anti-retaliation provisions of the PDA. *See Holland v. Gee*, 677 F.3d 1047, 1054-55 (11th Cir. 2012) (a plaintiff may prevail under the PDA by showing that her pregnancy "was a motivating factor" for an employment decision).

30. Title VII further prohibits an employer from discharging an employee on the basis of sex. 42 U.S.C. § 2000e-2(a)(1). When an employee is able to demonstrate that her former employer's employment decisions were motivated by her sex, the employer will be found liable. *See Alexander v. Fulton County*, 207 F.3d 1303, 1339 (11th Cir. 2000). Reviewing courts have emphasized "the central premise of Title VII: workers are to be

protected from discrimination on account of gender in the workplace. Congress made a clear choice in enacting Title VII of the Civil Rights Act of 1964 'to strike at the entire spectrum of disparate treatment of men and women in employment.'" *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 813 (11th Cir. 2010), quoting *Meritor Sav. Bank, F.S.B. v. Vinson*, 477 U.S. 57, 64 (1986).

31. Plaintiff's firing constitutes an adverse employment action as defined by the PDA and Title VII.

32. At all material times hereto, Plaintiff was ready, willing and able to perform her job duties.

33. Defendant does not have a non-discriminatory rationale for allowing and participating in the discrimination and retaliation suffered by Plaintiff.

34. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

35. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

36. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

37. The timing of Plaintiff's disclosure of her serious health condition and her use of protected FMLA leave and Defendant's termination of her employment, alone demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by Defendant.

38. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her use of protected FMLA leave.

39. Plaintiff suffered damages, including, but not limited to, lost wages,

benefits, compensatory damages, and emotional distress, as a result of Defendant's actions.

40. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## PREGNANCY DISCRIMINATION IN VIOLATION OF
## TITLE VII and the PDA

41. Plaintiff realleges and adopts the allegations contained in paragraphs 1-10, 14-34, and 39-40 as if fully set forth in this Count.

42. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against pregnancy discrimination under Title VII and the PDA.

43. The discrimination to which Plaintiff was subjected was based solely on her pregnancy.

44. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

45. The conduct of Defendant was willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

46. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Title VII and the PDA.

**WHEREFORE**, Plaintiff prays that this Court will issue a declaratory judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under the PDA and Title VII; require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through

an award of front pay and/or promotion; grant Plaintiff a judgment against Defendant for damages, including punitive damages; award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant, and provide any additional relief that this Court deems just.

## COUNT II
## PREGNANCY DISCRIMINATION IN VIOLATION OF
## THE FLORIDA CIVIL RIGHTS ACT

47. Plaintiff realleges and adopts the allegations contained in paragraphs 1-10, 14-34, and 39-40 as if fully set forth in this Count.

48. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against sex/pregnancy discrimination under the Florida Civil Rights Act, Chapter 760, Florida Statutes.

49. The discrimination to which Plaintiff was subjected was based solely on her sex/pregnancy.

50. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

51. The conduct of Defendant was willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

52. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

**WHEREFORE**, Plaintiff prays that this Court will issue a declaratory judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under the PDA and Title VII; require that Defendant make Plaintiff whole for her losses suffered

as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay and/or promotion; grant Plaintiff a judgment against Defendant for damages, including punitive damages; award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant, and provide any additional relief that this Court deems just.

## COUNT III
## RETALIATION UNDER PDA AND TITLE VII

53. Plaintiff realleges and adopts the allegations contained in paragraphs 1-10, 14-34, and 39-40, as if fully set forth in this Count.

54. The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing discrimination under the PDA and Title VII, and requesting reasonable accommodations.

55. Plaintiff engaged in a protected activity when she complained to management regarding Defendant's illegal and discriminatory conduct, and for requesting reasonable accommodations.

56. Defendant retaliated against Plaintiff because of her opposition to Defendant's illegal and discriminatory conduct, and for requesting reasonable accommodations.

57. Defendant's termination of Plaintiff was casually connected to Plaintiff's objections to Defendant's mistreatment and unlawful conduct, and Plaintiff's request for reasonable accommodations.

58. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience,

mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

59. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Title VII and the PDA.

60. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays that this Court will issue a declaratory judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under the PDA and Title VII; require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay and/or promotion; grant Plaintiff a judgment against Defendant for damages, including punitive damages; award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant, and provide any additional relief that this Court deems just.

## COUNT IV
## RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT

61. Plaintiff realleges and adopts the allegations contained in paragraphs 1-10, 14-34, and 39-40, as if fully set forth in this Count.

62. The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing discrimination under the PDA and Title VII, and requesting reasonable accommodations.

63. Plaintiff engaged in a protected activity when she complained to management regarding Defendant's illegal and discriminatory conduct, and for requesting reasonable accommodations.

64. Defendant retaliated against Plaintiff because of her opposition to

Defendant's illegal and discriminatory conduct, and for requesting reasonable accommodations.

65. Defendant's termination of Plaintiff was casually connected to Plaintiff's objections to Defendant's mistreatment and unlawful conduct, and Plaintiff's request for reasonable accommodations.

66. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

67. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

68. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays that this Court will issue a declaratory judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under the PDA and Title VII; require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay and/or promotion; grant Plaintiff a judgment against Defendant for damages, including punitive damages; award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant, and provide any additional relief that this Court deems just.

### COUNT V
### UNLAWFUL INTERFERENCE UNDER THE FMLA

69. Plaintiff reincorporates and readopts all allegations contained within

11

Paragraphs 1-7, 10-17, 23-26, and 32-40, as if fully set forth in this Count..

70. At all times relevant hereto, Plaintiff was protected by the FMLA.

71. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

72. At all times relevant hereto, Defendant interfered with Plaintiff by discouraging her use of FMLA and/or terminating Plaintiff prior to the exhaustion of her FMLA leave.

73. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

74. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT VI
## UNLAWFUL RETALIATION UNDER THE FMLA

75. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-7, 10-17, 23-26, and 32-40, as if fully set forth in this Count.

76. At all times relevant hereto, Plaintiff was protected by the FMLA.

77. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

78. At all times relevant hereto, Defendant retaliated against Plaintiff by

terminating her for her use of FMLA-protected leave.

79. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff disclosed her serious health condition and her use or attempted use of leave pursuant to the FMLA.

80. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

81. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

### JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted on this 22nd day of June, 2025.

**By: /s NOAH E. STORCH**
Noah E. Storch, Esquire
Florida Bar No. 0085476
Email: noah@floridaovertimelawyer.com
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, FL 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
*Attorneys for Plaintiff*